UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENLIGHT SYSTEMS, LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ERIK BRECKENFELDER,<br><br>　　　　　Defendant. | Case No. 19-cv-06658-EMC<br><br>**ORDER RE CONTINUED EXERCISE OF JURISDICTION OVER COUNTERCLAIMS** |

　　　　On May 28, 2020, this Court dismissed Plaintiffs' complaint with prejudice and directed the parties to file supplemental briefing as to whether the Court can and should continue to exercise jurisdiction over Mr. Breckenfelder's counterclaims. (Mr. Breckenfelder had originally asserted only that the Court had supplemental jurisdiction over his claims pursuant to 28 U.S.C. § 1367. *See* Docket No. 17.) Mr. Breckenfelder submitted a brief regarding the Court's continued exercise of jurisdiction over his counterclaims on June 17, 2020. *See* Docket No. 39 ("Brief"). No response was filed by Plaintiffs.

　　　　Mr. Breckenfelder now clarifies that both federal question and diversity jurisdiction exist, despite the fact that his counterclaim "inadvertently omitted mention of two additional bases for jurisdiction . . . ." Brief at 1 n.1. He contends that, despite his earlier omission, "the facts and claims pleaded support jurisdiction under both of these theories," and he urges the Court to continue to exercise jurisdiction over his counterclaims. *Id.* at 1. First, he contends, and the Court agrees, that because Mr. Breckenfelder pleads a claim under the FLSA, this Court has federal question jurisdiction. *See, e.g.*, *Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1074 n.1 (9th Cir. 2016) (citing 28 U.S.C. § 1331) ("Because Corbin pleaded a claim

under the FLSA, a federal law, the district court also had federal question jurisdiction.").

In addition, the Court finds it appropriate to exercise supplemental jurisdiction over Mr. Breckenfelder's related state-law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  As Mr. Breckenfelder explains, his fraud, conversion, and minimum wage claims all arise out of Counterdefendants' conduct related to the recruitment and hiring of Mr. Breckenfelder, and he specifically emphasizes that his "federal and state wage claims are based on *the exact same facts*." Brief at 3 (emphasis added).

Finally, Mr. Breckenfelder also discusses the existence of diversity jurisdiction; however, because the Court is satisfied that federal question jurisdiction exists, it does not address Mr. Breckenfelder's arguments that diversity jurisdiction also exists.

The Court will continue to exercise jurisdiction over Mr. Breckenfelder's counterclaims.

**IT IS SO ORDERED**.

Dated: June 30, 2020

_____
EDWARD M. CHEN
United States District Judge