UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENLIGHT SYSTEMS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ERIK BRECKENFELDER,<br><br>Defendant. | Case No. 19-cv-06658-EMC<br><br>**ORDER DENYING PLAINTIFFS/COUNTER-DEFENDANTS' MOTION FOR RELIEF FROM DISMISSAL AND TO CONTINUE TRIAL**<br><br>Docket No. 55 |

On October 16, 2019, Plaintiffs Greenlight Systems, LLC and Orbital Asset Holdings, Inc. sued Defendant Erik Breckenfelder for fraud and breach of contract related to the parties' agreement that Breckenfelder would sell Plaintiffs' service software to automotive dealers. *See* Docket No. 2 ("Compl."). Breckenfelder raised several contract and employment counterclaims against Plaintiffs and their president, Andrew D.B. Rowen (collectively, "Counter-defendants"). *See* Docket No. 17 ("Countercl.").

Before the Court is Plaintiffs' and Counter-defendants' motion for relief from dismissal and to continue trial. Docket No. 55 ("Mot."). For the following reasons, the motion is **DENIED**.

**I.    BACKGROUND**

A.   Discovery Disputes

Plaintiffs and Counter-defendants have repeatedly failed to respond to discovery, in violation of numerous orders from this Court. For example, Plaintiffs failed to serve initial disclosures before the January 24, 2020, deadline and to respond to Breckenfelder's interrogatories, requests for production, and requests for admission before the February 18, 2020 deadline. *See* Docket No. 24. Therefore, at the March 6, 2020 case management conference

1    (CMC), this Court directed the parties to complete early discovery, including a detailed damages

2    calculation, by March 18, 2020. *See* Docket No. 25. Plaintiffs failed to do so, in violation of this

3    Court's order. *See* Docket No. 29. Thereafter, Plaintiffs/Counter-defendants failed to appear at a

4    scheduled settlement conference before Judge Westmore on March 20, 2020. *Id.*

5    In response to Plaintiffs' refusal to participate in discovery, Breckenfelder filed a letter

6    brief on April 27, 2020, asking this Court to dismiss the complaint for noncompliance with the

7    Court's discovery orders. *Id.* The following day, this Court instructed Plaintiffs to respond to

8    Breckenfelder's letter by May 1, 2020. *See* Docket No. 30. Plaintiffs failed to do so, again in

9    violation of this Court's order.

10   On May 12, 2020, the Court issued a Clerk's notice instructing Plaintiffs to serve on

11   Breckenfelder their initial disclosures, responses to written discovery, any responsive documents,

12   and available dates for Rowen's deposition by May 18, 2020. *See* Docket No. 31. The Court

13   clearly stated that "noncompliance will result in a Rule 37(b)(2)(A)(v) sanction of dismissal of

14   [Plaintiff's] complaint." *Id.* Plaintiffs failed to comply with the Court's order, without

15   explanation. *Id.* Therefore, on May 28, 2020, the Court dismissed the complaint, awarded

16   Breckenfelder attorneys' fees, and on June 30, 2020, maintained jurisdiction over Breckenfelder's

17   counterclaims. *See* Docket Nos. 33, 35, and 40.

18   Due to Plaintiffs/Counter-defendants' ongoing refusal to participate in discovery, on July

19   9, 2020, the Court issued a new order requiring Counter-defendants to "comply in full" with all of

20   their discovery requirements by August 23, 2020, or risk entry of default on his counterclaims

21   against them. *See* Docket No. 45. On August 28, 2020, Breckenfelder filed a letter brief with this

22   Court explaining that Counter-defendants failed to comply with the Court's order and asking the

23   Court to enter default against Counter-defendants on all his counterclaims. Docket No. 47.

24   On August 31, 2020, the Court issued an order to show cause as to why the Court should

25   not enter default on Breckenfelder's counterclaims by September 2, 2020. *See* Docket No. 48.

26   Counter-defendants filed a "response" explaining that they were unable to participate in discovery

27   because "the undersigned counsel and the [Counter-defendants] have been faced with personal and

28   professional challenges during the Covid-19 pandemic." Docket No. 49. Counter-defendants

1  requested until September 10, 2020 to comply with all outstanding discovery requests. *Id.*

2          The Court granted Counter-defendants the extension on September 3, 2020. *See* Docket No. 51. That same day, Plaintiffs and Counter-defendants filed the instant motion for relief from dismissal and to continue trial. Docket No. 55. In the motion, Plaintiffs' "special counsel" contends that Paul E. Manasian, who is still Plaintiffs' attorney of record, abdicated his duties as legal counsel by not informing them of the outstanding discovery requests, sanctioning order, or the Court's order to show cause. *Id.* at 2–3. Plaintiffs also contend that Manasian responded to the order to show cause without their authorization or consent. *Id.* at 3. In his declaration accompanying the motion for relief, Plaintiffs' president and Counter-defendant Rowen declared that he learned about this Court's dismissal of Plaintiffs' claims on August 11, 2020 "from the internet site 'Leagle.com.'" Docket No. 55-1 ("Rowen Decl.") ¶ 7–8. Rowen also declared that he "learned for the first time the full extent of Manasian's abandonment of his duties as the attorney for [Plaintiffs]" on August 31, 2020. *Id.* ¶ 9.

        Importantly, despite knowing of their discovery obligations as early as August 11, 2020, Plaintiffs have yet to comply with any of the Court's outstanding discovery orders, including its latest order requiring Plaintiffs and Counter-defendants to comply in full by September 10, 2020. Docket No. 62. In fact, to this day, Plaintiffs and Counter-defendants have yet to produce any discovery in this case. Docket No. 65 ("Opp'n") at 7. Accordingly, on September 11, 2020, Breckenfelder renewed his request that the Court enter default on his counterclaims. Docket No. 62.

## II.    LEGAL STANDARD

A.    <u>Motion For Relief From Final Judgment or Court Order</u>

        Plaintiffs' motion was made pursuant to Federal Rule of Civil Procedure 37. Mot. at 2. Rule 37 spells out the discovery orders and sanctions for noncompliance with discovery that courts are authorized to issue. *See* Fed. R. Civ. P. 37. Rule 37 does not provide for relief from an order of dismissal or from an award of attorneys' fees. *Id.* The Court therefore construes Plaintiffs' motion as a motion for relief "from final judgment, order, or other proceeding" under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b).

3

1  Rule 60(b) authorizes courts to relieve parties from a final judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud. . . .; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment." *Id.* Here, Plaintiffs' motion does not contend mistake, inadvertence, surprise, newly discovered evidence, fraud, or that the judgment is somehow void. *See generally*, Mot. Therefore, the only alleged bases for relief from the dismissal order of Plaintiffs' complaint is either "excusable neglect" or "other reasons justifying relief." Fed. R. Civ. P. 60(b)(1), (6).

"Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Ninth Circuit has further clarified that "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394).

B. <u>Motion to Modify Case Schedule</u>

Federal Rule of Civil Procedure 16(b)(3) authorizes district courts to enter a scheduling order in every case to establish various deadlines, including trial. Fed. R. Civ. P. 16(b)(3). Rule 16 also provides that deadlines established in a case management order may "be modified only for good cause." Fed. R. Civ. Proc. 16(b)(4).

**III.    <u>PLAINTIFFS' MOTION FOR RELIEF FROM DISMISSAL ORDER</u>**

As explained above, this Court may grant relief from its dismissal order if Plaintiffs are able to show that their failure to prosecute this action against Breckenfelder is the result of either "excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Plaintiffs fail to make either showing.

A.    <u>Excusable Neglect Under Rule 60(b)(1)</u>

    1.    <u>Blaming Counsel Does Not Justify Relief From a Dismissal Order</u>

Plaintiffs blame their counsel for their repeated failures to participate in discovery, in

4

violation of this Court's orders. But the Supreme Court has held, in no uncertain terms, that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396. In *Link v. Wabash Railroad Company*, the Supreme Court held that the court could *sua sponte* dismiss the plaintiff's lawsuit because its attorney failed to attend a scheduled pretrial conference. 370 U.S. 626, 636 (1962). In doing so, the Supreme Court explained that

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Id.* at 633–34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)).

The Ninth Circuit has also echoed this principle, holding that litigants are "considered to have notice of all facts known to their lawyer-agent" and have "a duty to keep track of the progress of the lawsuit." *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141–42 (9th Cir. 1989). In *Toth v. Trans World Airlines, Inc.*, the Ninth Circuit cited *Link* in rejecting the plaintiff's argument that the district court should have imposed sanctions for non-compliance with the court's discovery orders only on plaintiff's lawyers. 862 F.2d 1381, 1387 (9th Cir. 1988). In other words, it is not enough for Plaintiffs to blame Manasian for their failure to litigate this action, "the focus is upon whether the neglect of [the party] *and their counsel* was excusable." *Pioneer*, 507 U.S. at 397.

Moreover, "if [Manasian's] conduct falls substantially below what is reasonable under the circumstances, the [Plaintiffs'] remedy is against [Manasian] in a suit for malpractice." *Link*, 370 U.S. at 634, n.10.

2. Plaintiffs' Neglect Is Not Otherwise Excusable

Plaintiffs do not offer any evidence that Manasian's or their conduct was "excusable." If anything, the evidence on the record strongly suggests that Plaintiffs' negligence is inexcusable. First, on December 24, 2019, Rowen, Plaintiffs' president, forwarded an e-mail from Manasian to

5

Breckenfelder's lawyer directly to Breckenfelder in which Manasian states that Plaintiffs "intend to turn their energy and resources to assembling the initial disclosure (which will be voluminous)." Docket No. 68 ("Breckenfelder Decl."), Ex. 4. This is direct evidence that Rowen was, at the very least, aware of Plaintiffs' obligation to provide Breckenfelder with initial disclosures.

Second, Plaintiffs do not explain why they failed to replace Manasian as their counsel of record and immediately produce the outstanding court-mandated discovery upon discovering Manasian's alleged misconduct. Indeed, Plaintiffs discovered Manasian's misconduct on August 11, 2020, almost a month before filing the instant motion. Plaintiffs' delay in replacing Manasian and producing the outstanding discovery is particularly suspect in light of Rowen's representations to Breckenfelder via e-mail that "three Silicon Valley law firms [were] bidding for this case." Breckenfelder Decl., Ex. 3. Presumably, Plaintiffs could have quickly replaced Manasian with one of the "Silicon Valley law firms" that had lost the bidding war but chose not to do so.

Third, Breckenfelder has provided ample evidence that Plaintiffs are sophisticated litigants who are repeat players in state and federal court. The Ninth Circuit has held that "allegedly erroneous legal advice is not sufficient to establish excusable neglect where the party is (a) fully informed of the relevant legal considerations, and (b) sufficiently sophisticated and experienced to protect its interests." *Meadows v. Dominican Republic*, 628 F. Supp. 599, 609 (N.D. Cal. 1986), *aff'd*, 817 F.2d 517 (9th Cir. 1987). In the context of a Rule 60(b)(1) motion, courts

> [C]onsider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of the default as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith. Absent some explanation . . ., it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the consequences of failing to answer or do so only if they see some advantage to themselves.

*TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 n.6 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

Here, Rowen, Plaintiffs' president, has been a party to at least twenty other lawsuits in California state and federal courts, *see* Opp'n at 2–3, making it highly unlikely that he was

6

1  unaware that discovery was ongoing in this action, and that he risked dismissal if he did not satisfy
2  his duty to participate in discovery.¹ In fact, in a recent factually related action in this district,
3  Judge Beeler warned Rowen and Manasian that failure to comply with her discovery orders could
4  lead to dismissal of Rowen's complaint for failure to prosecute. *See e.g.*, *Rowen v. Ansari et al*,
5  No. 3:17-cv-05029-LB (N.D. Cal. Oct. 5, 2018) (order requiring parties to submit joint updated
6  case management statement and warning Rowen that failure to comply could result in dismissal
7  for failure to prosecute). It is evident that Rowen had the sophistication to understand his and his
8  companies' obligations with respect to discovery, and he failed to exercise reasonable care to
9  comply with those obligations.

      Finally, Rowen's contention that Plaintiffs' "repeatedly asked Manasian for information relating to how the case was proceeding" via e-mail, Rowen Decl. ¶ 5, is not enough to satisfy Plaintiffs' duty to "make some reasonable effort to remain in contact with their attorneys and apprised of the status of their cases," *Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997). "Maintaining communication during the course of litigation is the responsibility of both attorneys *and their clients. Mere lack of communication does not excuse compliance with the rules*, or from the penalties for failing to do so." *Id.* (emphasis added) (quoting *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994)). In other words, Plaintiffs had to do more than send nine unanswered e-mails to Manasian. It was unreasonable—especially given their sophistication—for Plaintiffs not to follow up on their e-mails to Manasian by, for example, checking the docket or calling the Court. Moreover, if Manasian was truly silent for six months, it would have been reasonable to replace him swiftly with a more responsive lawyer.

      Most importantly, Plaintiffs do not explain why they continue to flout this Court's discovery orders. Even assuming that their prior neglect was excusable—it is not—there is no

---

¹ The Court takes judicial notice of the cases listed in Breckenfelder's opposition, *see* Opp'n at 2–3, and in his request for judicial notice, *see* Docket No. 66 ("RJN") at 1–3. *See Chavez v. Robinson*, 817 F.3d 1162, 1165 (9th Cir. 2016) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." (quoting *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980))).

excuse for not immediately providing Breckenfelder all of the outstanding court-mandated discovery upon learning of Manasian's alleged wrongdoing. If Plaintiffs truly wanted to reinstate their complaint in good faith, they would have complied with this Court's outstanding discovery orders before filing the instant motion.

B.  Other Reason That Justifies Relief Under Rule 60(b)(6)

Briefly, Plaintiffs are not entitled to relief from this Court's dismissal order under Rule 60(b)(6) because they have not adduced any evidence that "extraordinary circumstances beyond [their] control prevented timely action to protect [their] interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see* also, *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam) ("In order to bring himself within the limited area of Rule 60(b)(6), a petitioner is required to establish extraordinary circumstances which prevented or rendered him unable to prosecute [his case].")

Accordingly, Plaintiffs' motion for relief from this Court's dismissal order is **DENIED**.

## IV.  COUNTER-DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE

"Good cause" to extend case deadlines under Rule 16(b)(4) exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). In other words, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Counter-defendants have offered no reason for their request to "extend all case management dates and the trial date by no less than 90 days," let alone any evidence that they have been diligently pursuing their rights in this lawsuit. Mot. at 5. No good cause has been shown.

Accordingly, Counter-defendants' motion to extend all case deadlines by ninety days is **DENIED**.

## V. ENTRY OF DEFAULT ON COUNTERCLAIMS

Breckenfelder has asked this Court on two occasions to enter default against Counter-defendants on all of its counterclaims in light of Counter-defendants unwillingness to participate in discovery, in violation of this Court's orders. Docket No. 47, 62. On September 22, 2020, Counter-defendants filed an "objection" asking the Court to defer any action on Breckenfelder's motion for default judgment until the Court decided Plaintiffs' motion for relief from the Court's dismissal order. Docket No. 63. On October 2, 2020, Breckenfelder asked this Court for additional sanctions under Rule 37 for attorneys' fees incurred by Breckenfelder in his continued attempts to obtain discovery from Counter-defendants, pursue an entry of default on his counterclaims, and oppose Counter-defendants' instant motion. Docket No. 74.

Counter-defendants are hereby instructed to show cause as to why this Court should not enter default against them on Breckenfelder's counterclaims, and issue additional sanctions to cover Breckenfelder's attorneys' fees, no later than ten (10) days from the date of this order. Breckenfelder will have seven (7) days to reply.

## VI. CONCLUSION

Counter-defendants' motion for relief from dismissal and to continue the trial docket on Breckenfelder's counterclaims is **DENIED**.

This order disposes of Docket No. 55.

**IT IS SO ORDERED**.

Dated: October 6, 2020

_____
EDWARD M. CHEN
United States District Judge