UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENLIGHT SYSTEMS, LLC, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>ERIK BRECKENFELDER,<br><br>          Defendant. | Case No. 19-cv-06658-EMC<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR SANCTIONS**<br><br>Docket No. 74 |

Currently pending before the Court is Defendant and Counter-Plaintiff Erik Breckenfelder's request for sanctions pursuant to Federal Rule of Civil Procedure 37 against Plaintiffs/Counter-Defendants Greenlight Systems, LLC and Orbital Holdings, Inc. *See* Docket No. 74 ("Request").

For the following reasons, Mr. Breckenfelder's request is **GRANTED**.

## I.      BACKGROUND

From the onset of this action, Plaintiffs/Counter-Defendants have repeatedly failed to comply with their discovery obligations, in violation of numerous orders from this Court.[1] As a result, the Court dismissed Plaintiffs/Counter-Defendants' claims and awarded Mr. Breckenfelder attorneys' fees,[2] retaining jurisdiction over Mr. Breckenfelder's counterclaims. *See* Docket Nos.

---

[1] The Court hereby incorporates the details of Plaintiffs/Counter-Defendants' ongoing failure to participate in discovery, as laid out in this Court's October 16, 2020 order denying Plaintiffs/Counter-Defendants' motion for relief from dismissal and to continue trial. *See* Docket No. 77.

[2] The Court later ordered that the attorneys' fee award be in the amount of $ 6,137.5, Docket No. 35, which neither Plaintiffs/Counter-Defendants nor their counsel has paid, *see* Request at 3.

33, 40.

On September 11, 2020, Mr. Breckenfelder notified this Court that Plaintiffs/Counter-Defendants had again failed to comply with this Court's latest order requiring them to comply with all outstanding discovery requests on or before September 10, 2020. *See* Docket No. 62. Previously, Plaintiffs/Counter-Defendants had failed to serve initial disclosures, respond to Breckenfelder's written discovery, and provide deposition dates for their principal Andrew Rowen, even though the Court repeatedly ordered them to do so in oral and written orders entered on March 6, April 28, May 12, July 9, and August 31, 2020. *See* Docket Nos. 25, 29, 30, 31, 45, 47. Plaintiffs/Counter-Defendants also failed to attend a settlement conference before Judge Westmore on April 27, 2020. *See* Docket No. 29.

On October 2, 2020, Mr. Breckenfelder submitted the currently pending request for this Court to award sanctions against Plaintiffs/Counterdefendants in the amount of $ 37,346.25, representing attorneys' fees that Defendant incurred "in his months-long and continuing attempts to obtain the [Plaintiffs/Counter-Defendants'] compliance with their discovery obligations, in pursuit of entry of default consistent with this Court's orders, and in opposing their motion for relief from the Court's order dismissing the Complaint." Request at 1.

On November 17, 20202, given Plaintiffs/Counter-Defendants' ongoing noncompliance, the Court entered default on Mr. Breckenfelder's counterclaims against Plaintiffs/Counter-Defendants. *See* Docket No. 84. At a status conference held two days later, the Court told Mr. Breckenfelder that he was free to move for entry of default judgment. *See* Docket No. 86. The Court also ordered Plaintiffs/Counter-Defendants, through attorney Kenneth Brunetti who was appearing as their amicus,[3] to respond to Mr. Breckenfelder's sanctions request on or before November 30, 2020. *Id.*

On December 7, 2020, seven days after the Court's deadline to respond to Mr.

---

[3] Mr. Brunetti represented to this Court that he had been asked by Andrew Rowen to appear on behalf of Plaintiffs/Counter-Defendants' at the November 19 status conference and that he would soon be retained as Plaintiffs/Counter-Defendants' counsel moving forward. *See* Docket No. 86. Accordingly, the Court allowed Mr. Brunetti to proceed as Plaintiffs/Counter-Defendants' amicus at the November 19 status hearing. *Id.* Mr. Brunetti was indeed substituted as Plaintiffs/Counter-Defendants' counsel on December 7, 2020. *See* Docket No. 87.

Breckenfelder's sanctions request, Mr. Breckenfelder notified the Court that Plaintiffs/Counter-Defendants had failed to oppose his sanctions request.  *See* Docket No. 88.

## II.    DISCUSSION

The Court has the authority to issue monetary sanctions under Federal Rule of Civil Procedure 37 for the underlying motion to compel (Rule 37(a)), and for the currently pending motion for sanctions (Rule 37(b)).  *See* Fed. R. Civ. P. 37(a)(5), (b).  Under the rule, attorneys' fees are to be awarded unless the nonmoving party's actions were substantially justified or there are other circumstances that would make an award unjust.  *Id.*

Here, Plaintiffs/Counter-Defendants have refused to comply with each and every one of this Court's multiple discovery orders and, to date, have never served their initial disclosures, responded to written discovery, or offered any dates for the deposition of Andrew Rowen.  Moreover, Plaintiffs/Counter-Defendants have never provided any explanation, let alone shown substantial justification, for their ongoing willful disregard of their discovery obligations and of this Court's March 10, May 12, July 9, and September 3 Orders.  *See* Docket Nos. 26, 31, 45, and 51.  Nor did Plaintiffs/Counter-Defendants show any cause as to why default should not be entered as to the counterclaims.  *See* Docket Nos. 49, 50.  Finally, given the numerous wasted opportunities given to Plaintiffs/Counter-Defendants to comply with discovery, the Court finds that there are no other circumstances that would make an award of attorney's fees to Mr. Breckenfelder unjust.

Accordingly, the Court **GRANTS** Mr. Breckenfelder's request for attorneys' fees under Rule 37 in the amount of $ 37,346.25, representing 87.75 hours reasonably expended by his lawyers in (1) attempting to obtain Plaintiffs/Counter-Defendants' compliance with their discovery obligations since the Court's May 28, 2020 order dismissing Plaintiffs/Counter-Defendants' claims, (2) preparing the discovery letter briefs filed with this Court on August 28 and September 11, 2020, (3) responding to Plaintiffs'/Counter-Defendants' response to this Court's order to show cause, (4) responding to Plaintiffs'/Counter-Defendants' motion for relief from dismissal and their related administrative motion for shortened time, and (5) preparing the instant request for sanctions.  *See* Docket No. 75.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Breckenfelder's Rule 37 motion for sanctions in the form of attorneys' fees.

This order disposes of Docket No. 74.

**IT IS SO ORDERED**.

Dated: December 9, 2020

_____
EDWARD M. CHEN
United States District Judge