UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENLIGHT SYSTEMS, LLC, et al., | Case No.  19-cv-06658-EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING COUNTERCLAIMANT'S MOTION FOR AWARD OF ATTORNEYS' FEES** |
| ERIK BRECKENFELDER, | |
| Defendant. | Docket No. 116 |

Plaintiffs Greenlight Systems, LLC ("Greenlight") and Orbital Asset Holdings, Inc. ("Orbital") sued Defendant Erik Breckenfelder for fraud and breach of contract related to their employment agreement.  *See* Docket No. 2 ("Compl.").  The Court dismissed Plaintiffs' Complaint, entered default on Breckenfelder's counterclaims against Greenlight, Orbital and Andrew D.B. Rowen ("Rowen") (collectively, "Counterdefendants"), and awarded Breckenfelder attorneys' fees.  *See* Docket Nos. 33, 84, 89.  The Court also entered default judgment in favor of Breckenfelder's on his contract and employment counterclaims in the amount of $691,384.30.  *See* Docket Nos. 114, 115.

Pending before the Court is Counterclaimant Breckenfelder's unopposed motion for award of attorneys' fees incurred in pursuing his contact and employment counterclaims.  Docket No. 116.  For the following reasons, the Court **GRANTS** Breckenfelder's motion for award of attorneys' fees.

## I.      RELEVANT BACKGROUND

Counterdefendants filed the complaint originating this matter, which alleged four causes of action against Breckenfelder, on October 16, 2019.  Docket No. 2.  Breckenfelder filed an answer

United States District Court
Northern District of California

1   and counterclaims on December 4, 2019.  Docket No. 17 (the "Counterclaim").  Breckenfelder's

2   Counterclaim asserted eight causes of action.  *Id.*  Four of Breckenfelder's claims alleged

3   violations of California wage-and-hour laws for which a prevailing employee is entitled to recover

4   attorneys' fees.  *See Id.* at 14-19; Cal. Lab. Code § 1194(a) (employee prevailing on California

5   minimum wage claim is entitled to a "a reasonable attorney's fee to be paid by the defendant, and

6   costs of the action."); Cal. Lab. Code § 226(e)(1) (employee prevailing on claim for failure to

7   provide wage statements "is entitled to an award of costs and reasonable attorney's fees."); and

8   Cal. Lab. Code § 218.5 ("In any action brought for the nonpayment of wages . . . the court shall

9   award reasonable attorney's fees and costs to the prevailing party").

10          After Counterdefendants "repeatedly failed to respond to discovery requests, in violation of

11  several orders from this Court," the Court dismissed Counterdefendants' claims against

12  Breckenfelder on May 28, 2020.  Docket No. 114 at 5.  "Due to Counter-defendants' continued

13  non-compliance with discovery, the Court entered default on Mr. Breckenfelder's counterclaims

14  on November 17, 2020."  *Id.* at 6.  On January 28, 2021, Breckenfelder moved for entry of default

15  judgment on his counterclaims and, after conducting an evidentiary hearing, the Court granted

16  Breckenfelder's Motion for Default Judgment on June 28, 2021.  Docket No. 114.  The Court

17  found in Breckenfelder's favor regarding each of the applicable causes of action in the

18  Counterclaim, including all four causes of action related to non-payment of wages entitling him to

19  recover attorneys' fees under California law (unpaid minimum wage, failure to provide an

20  itemized wage statement, failure to keep payroll records and waiting time penalties). [1]  *Id.* at 8-13,

21  22-25.  The Court awarded Breckenfelder $687,544.30 in compensatory damages for

22  Counterdefendants' fraud and conversion, $3,840 in compensatory damages for Greenlight's

23  wage-and-hour violations, and ordered Counterdefendants to pay $43,473.75 in unpaid sanctions

24  previously awarded during the litigation.  *Id.* at 32.

25

26  _____

27  [1] Breckenfelder brought minimum wages claims under both federal and California law because he was not paid any wages while employed at Greenlight.  Docket No. 17 ¶¶ 71, 79.  The Court found that the parties "agreed that California law would govern their employment agreement," and thus found in favor of Breckenfelder on his minimum wage claims under California law.  Docket No.

28  114 at 12.

2

United States District Court
Northern District of California

## II.  DISCUSSION

A.    Breckenfelder's Entitlement to an Award of Attorneys' Fees

California provides for the recovery of reasonable attorneys' fees and costs incurred by an employee who prevails in an action to recover minimum wages, to vindicate violations of California Labor Code Section 226, and for waiting-time penalties.  *See* 29 U.S.C. § 216(b); Cal. Lab. Code § 1194(a); Cal. Lab. Code § 226(e)(1); Cal. Lab. Code § 218.5.

The Court found that "Breckenfelder has sufficiently pled his minimum wage claims" and that he "was not paid any wages for his work."  Docket No. 114 at 12-13.  The Court held, "Counter-defendants must pay Mr. Breckenfelder a $450 penalty under section 226(a) for failing to provide him with . . . itemized wage statements" and that "Breckenfelder qualifies for the waiting time penalty under section[] 203 because it is undisputed that he was not paid minimum wages upon resigning."  *Id*. at 23-24.  Thus, the Court's entry of default judgment in Breckenfelder's favor on each of his wage-and-hour claims, Docket No. 114 at 22-25, confirms he is entitled to recovery of reasonable attorneys' fees and costs on those claims.

B.    Calculation of Reasonable Attorneys' Fees

It is well-settled that the award of attorneys' fees is a matter within the discretion of the Court, and that an award of attorneys' fees cannot be disturbed on appeal absent a showing of abuse of discretion.  *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1116 (9th Cir. 1979).  To assess reasonable attorneys' fees for Breckenfelder state law claims, under California law "[t]he primary method for establishing the amount of reasonable attorney fees is the lodestar method." *In re Vitamin Cases*, 2 Cal.Rptr.3d 358 (Cal. Ct. App. 2003) (internal quotation marks and citations omitted).  The Court determines the lodestar amount by multiplying a reasonable hourly rate by the number of hours reasonably spent litigating the case.  *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001).

Breckenfelder states he "does not seek attorneys fees associated with Counterdefendants' causes of action nor those incurred in pursuing his fraud and conversion causes of action," but, "given Counterdefendants' failure to substantively litigate this matter, essentially all of his fees relate to work done to compel Counterdefendants to meaningfully participate in this litigation."

3

Docket No. 116 at 4.  Breckenfelder contends that such efforts, including the need to bring repeated motions to compel Counterdefendants to participate in discovery and, ultimately, to move for sanctions, "applied all of the claims in the case equally, rather than to any individual claim or claims." *Id.*  Thus, Breckenfelder proposes to recover a pro-rata portion of his overall attorneys' fees "based on the proportion of his wage-and-hour cause of action compared to the total number of causes of action at issue in this litigation." *Id.*  Accordingly, he seeks one-third of the fees incurred prior to the May 28, 2020 dismissal of Counterdefendants' Complaint, because his four wage-and-hour causes of actions represented one-third of the twelve causes of action at issue during this period, *see id.;* Docket No. 2 (Complaint) (four claims), and one-half of the fees incurred after May 28, 2020, because his wage-and-hour claims represented one-half of the eight causes of action pending in the Counterclaim, Docket No. 116 at 6.

The Court finds Breckenfelder's proposal for pro-rata fee recovery reasonable.  The Court agrees that Breckenfelder's primary efforts throughout this litigation were to address Counterdefendants' failure to meaningfully participate, and that Counterdefendants' failure to participate gave rise to the Court's dismissal of Counterdefendants' complaint and entry of default judgment on the Counterclaim in favor of Breckenfelder.  *See* Docket No. 114.  The Court agrees that Counterdefendants' lack of participation in the litigation affected all of the issues in the litigation equally, and, therefore, finds reasonable Breckenfelder's proposal to recover fees based on the proportion of all pending issues that the recoverable claims represented throughout the litigation.  The Court finds reasonable Breckenfelder suggestion to compensate him for one-third of fees incurred through May 28, 2020, when the recoverable claims were four of the twelve pending claims at issue, and for one-half of fees incurred after May 28, 2020, when the recoverable claims were four of the eight pending claims at issue.

Breckenfelder submitted a record of contemporaneously tracked hours for each of the attorneys and staff members who worked on the relevant aspects of this case and each of their respective hourly rates.  *See* Docket No. 117 (Declaration of Scott Lawson).  Breckenfelder's submission shows attorneys' fees from October 1, 2019 through May 28, 2020 in the amount of $83,025.30, and from May 28, 2020 to June 1, 2021 in the amount of $115,460.59.  The Court has

4

reviewed the rates and rationales for the fees provided in the submission and finds them reasonable.  Finally, Breckenfelder submits an accounting and request for $2,170 in fees as a cost in connection with preparing this motion, Docket No. 118 (Declaration of Ian Forgie) which the Court finds reasonable.  Accordingly, the Court calculates Breckenfelder is entitled to the following fees:

> Fees for Litigation prior to May 28, 2020: ($83,025.30) x (1/3) = **$27,675.10**

> Fees for Litigation after May 28, 2020: ($115,460.59) x (1/2) = **$57,730.30**

> Fees for Attorneys' Fees Motion: **$2,170**

The attorneys' fees to which Breckenfelder is entitled amount to $87,575.40.  The total amount of sanctions previously awarded to Breckenfelder against Counterdefendants in this action is $43,483.75.  *See* Docket No. 114 at 32.  Subtracting the prior sanctions awards from the total fees incurred as Breckenfelder suggests, the Court orders the amount of **$44,091.65** in statutory attorneys' fees added to the final judgment.

### III.      CONCLUSION

The foregoing reasons, Counterclaimant Breckenfelder's motion for attorneys' fees, Docket No. 116, is **GRANTED**, and attorneys' fees in the amount of $44,091.65 are awarded to Breckenfelder, jointly and severally liable against all Counterdefendants is ordered added to the judgment.

This order disposes of Docket No. 116.

**IT IS SO ORDERED**.

Dated: October 12, 2021

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

5